IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MAURICE EUGENE HOLLOMAN,

    Plaintiff,

v.                                                  CASE NO. 5:12-cv-165-MP-GRJ

CAPTAIN SEARCY, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a Civil Rights complaint on the Court's standard form against 18 defendants and seeks leave to proceed as a pauper. (Docs. 1, 2.)  For the reasons discussed below, it is respectfully **RECOMMENDED** that the motion for leave to proceed as a pauper be denied and this cause be dismissed pursuant to 28 U.S.C. § 1915(g).

## DISCUSSION

In his complaint, Plaintiff contends the Defendants confiscated his property, did not allow him to receive certain magazines and ultimately had him transferred to another, less hygienic Florida Department of Corrections facility in response to his filing of grievances.  As relief Plaintiff seeks injunctive relief and compensatory and punitive damages.

The Prison Litigation Reform Act of 1995 ("PLRA") provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the

> United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  This is commonly known as the PLRA's "three strikes" rule.  "A prisoner under imminent danger of serious physical injury can qualify for the 'imminent danger exception,'" but the prisoner must allege a present imminent danger.  Miller v. Donald, 541 F.3d 1091, 1095 (11th Cir. 2008); Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999).

Plaintiff has run afoul of 28 U.S.C. §1915(g)'s three strikes rule.  Plaintiff previously filed two cases in this District and three cases in the Middle District of Florida which were dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted.  See Holloman v. McDonald, No. 5:05-cv-22-RH-WCS (N.D. Fla. May 8, 2005) (dismissed under § 1915 for Plaintiff's failure to disclose his prior lawsuits and informing Plaintiff he already had more than three strikes); Holloman v. McDonald, No. 5:04-cv-211-SPM-EMT (N.D. Fla. Jan. 11, 2005)(dismissed for Plaintiff's failure to disclose his prior lawsuits); Holloman v. Koonce, No. 8:99-cv-365-EAK (M.D. Fla. April 13, 1999)(dismissed for Plaintiff's failure to exhaust his administrative remedies); Holloman v. Smith, No. 6:99-cv-411-ACC (M.D. Fla. May 4, 1999)(dismissed with prejudice prior to service); Holloman v. Stroker, No. 6:99-cv-17-GKS-DAB (M.D. Fla. Oct. 19, 1999)(dismissing case as frivolous).  Plaintiff also had two appeals in Hamilton v. Stroker dismissed as frivolous by the Eleventh Circuit.  Holloman v. Stroker, No. 6:99-cv-17-GKS-DAB Docs. 38 and 39.

Plaintiff is not entitled to proceed as a pauper under 28 U.S.C. § 1915 and there is no suggestion in the allegations in the Complaint that Plaintiff is in "imminent danger

of serious physical injury." While Plaintiff vaguely alleges that the Defendants had him transferred to a less healthy and safe correctional facility in response to his filing of grievances, none of the allegations remotely suggest that he is imminent danger of serious physical injury.  Accordingly, Plaintiff's Complaint should be dismissed pursuant to 28 U.S.C. § 1915(g) because Plaintiff has three strikes under the PLRA and because he does not allege that he is in any imminent danger of serious physical injury.

## RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.  This case be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) because Plaintiff has more than three strikes.

2.  The dismissal of this case counts as a strike pursuant to 28 U.S.C. § 1915(g).

3.  Plaintiff's motion for leave to proceed as a pauper, Doc. 2, should be **DENIED.**

**IN CHAMBERS**, at Gainesville, Florida, this 7th day of June 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

*Case No: 5:12-cv-165-MP-GRJ*